UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 10 B 54387 |
| Capital Home Sales, LLC | ) | Hon. Susan Pierson Sonderby |
| | ) | Hearing Date: December 21, 2011 |
| Debtor. | ) | Time: 10:30 a.m. |

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL**

THIS CAUSE COMING TO BE HEARD UPON the Motion of Capital Home sales, LLC ("Debtor") for Use of Cash Collateral Pursuant to 363(c) (2) of the Bankruptcy Code and Bankruptcy Rule 4001(b) and to Grant Adequate Protection (the "Motion") due notice having been given and the Court being fully advised in the premises:

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Debtor is authorized to use Cash Collateral upon the terms and conditions contained in this Order and as set forth in the Budget attached hereto as Exhibit A.

2. TCF National Bank, M.B. Financial Bank, N.A., Village Bank & Trust, Delaware Place Bank, and First Chicago Bank & Trust (now, Northbrook Bank & Trust Company, "Northbrook") (collectively the "Secured Parties") are each hereby granted and shall have replacement liens in and to the collateral in which each of the Secured Parties had liens and security interests prior to the filing of this Bankruptcy Case. The liens and security interests granted herein shall have the same validity, perfection, and enforceability as the pre-petition liens held by each of the Secured Creditors without any further action by the Debtor or the Secured Creditors and without executing or recording any financing statements, security

agreements or other documents. The security interests granted pursuant to this order shall continue to be valid and effective on and after the dismissal of this case.

3. The Debtor may use cash and Cash Collateral of the Secured Creditors to the extent and in the amounts set forth in the Budget that is attached hereto as Exhibit A and incorporated herein by reference. The amount of cash collateral used by Debtor shall be allocated to each of the Secured Creditors in the amounts set forth in the Budget.

4. Debtor is authorized and directed to remit the balance of the funds on hand which are not used for the expenses set forth in the budget to each Lender in the amounts set forth in the Budget. Any further amounts collected by Debtor prior to the dismissal of this case for rents, installment payments or for any other reason shall be likewise remitted to the secured lender with an interest in the amounts so received.

5. Within five (5) business days of the entry of this Order, the Debtor shall provide counsel for MB Financial Bank, N.A. ("MB") with all original titles currently in the Debtor's possession relating to units held by Falcon Financial and to any other units held by Debtor in which MB has a lien. Further, the Debtor shall provide reasonable cooperation to MB in order to facilitate MB's efforts to direct tenants of units in which MB has a security interest to remit rental payments directly to MB, including without limitation: (i) provide MB with a current rent roll detailing the names, addresses, and rental obligations of all tenants of units in which MB has a security interest within five (5) business days of the entry of this Order; and (ii) provide MB with a form letter, in a form reasonably acceptable to MB, on the Debtor's letterhead, informing such tenants that they should remit payment directly to MB, which letter MB will then transmit to all such tenants.

6. Within five (5) business days of the entry of this Order, the Debtor shall also provide counsel for Northbrook with all original titles currently in the Debtor's possession relating to units held by Goshawk Financial and Goshawk Rentals. Further, the Debtor shall provide reasonable cooperation to Northbrook in order to facilitate Northbrook's efforts to direct tenants of units in which Northbrook has a security interest to remit rental payments directly to Northbrook, including without limitation: (i) provide Northbrook with a current rent roll detailing the names, addresses, and rental obligations of all tenants of units in which Northbrook has a security interest within five (5) business days of the entry of this Order; and (ii) provide Northbrook with a form letter, in a form reasonably acceptable to Northbrook, on the Debtor's letterhead, informing such tenants that they should remit payment directly to Northbrook, which letter Northbrook will then transmit to all such tenants.

7. Within five (5) business days of the entry of this Order, the Debtor shall also provide counsel for TCF with all original titles currently in the Debtor's possession relating to units held by Emerald One and Drake Rentals. Further, the Debtor shall provide reasonable cooperation to TCF in order to facilitate TCF's efforts to direct tenants of units in which TCF has a security interest to remit rental payments directly to TCF, including without limitation: (i) provide TCF with a current rent roll detailing the names, addresses, and rental obligations of all tenants of units in which TCF has a security interest within five (5) business days of the entry of this Order; and (ii) provide TCF with a form letter, in a form reasonably acceptable to TCF, on the Debtor's letterhead, informing such tenants that they should remit payment directly to TCF, which letter TCF will then transmit to all such tenants.

8.  Debtor shall authorize and direct PMH, the servicing agent collecting payments on installment notes held by Debtor, to continue to make payment directly to each lender for the amounts collected that are subject to their respective liens and security interests.

8.  The provisions of this order shall continue in effect on and after any order dismissing this bankruptcy case.

Dated: December 28, 2011

ENTERED:

_____
Hon. Susan Pierson Sonderby
UNITED STATES BANKRUPTCY JUDGE

Joseph A. Baldi
Baldi Berg & Wallace, Ltd.
19 South LaSalle Street
Suite 1500
Chicago, Illinois 60603

| Final Order | | Total on Hand | Trustee Fees | Legal Fees | Total Deductions | Net to Lenders |
|---|---|---|---|---|---|---|
| Kestral One | MB | $6,694.00 | $0.00 | $0.00 | $0.00 | $6,694.00 |
| Kestral Rental | MB | -$3,155.00 | -$620.00 | $2,400.00 | $1,780.00 | -$3,155.00 |
| Goshawk | First Chicago | $9,129.00 | $0.00 | $0.00 | $0.00 | $9,129.00 |
| Wigeon | Delaware | -$6,044.00 | $0.00 | $0.00 | $0.00 | -$6,044.00 |
| Capital Home Sales | | $9,843.00 | -$3,799.00 | | -$3,799.00 | $6,044.00 |
| Capital Home Sales | | $16,467.00 | -$3,799.00 | $0.00 | $0.00 | $12,668.00 |
| Emerald One | TCF | $6,684.00 | -$620.00 | $2,400.00 | $1,780.00 | $4,904.00 |
| Drake | TCF | $19,734.00 | -$620.00 | $4,750.00 | $4,130.00 | $15,604.00 |
| TCF Entities | | $26,418.00 | -$1,240.00 | $7,150.00 | $5,910.00 | $20,508.00 |
| Totals | | $42,885.00 | -$5,039.00 | $7,150.00 | $5,910.00 | $33,176.00 |